UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLEMENT JEAN BELIZAIRE, | : | Civil Action No.  05-0854 |
| Plaintiff, | : | Hon. WILLIAM J. MARTINI, U.S.D.J. |
| v. | : | |
| OFFICER MATTHEWS, et al., | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

INTRODUCTION

On November 14, 2005, I issued an Order directing the pro se plaintiff, Clement Jean Belizaire, to show cause why sanctions should not be imposed upon him pursuant to Rule 16(f). The Order to Show Cause was returnable on November 28, 2005.  I did not receive any response from plaintiff.  I did receive correspondence from Mr. Patuto dated November 14, 2005.  There was no oral argument.  Rule 78.

DISCUSSION

The Complaint in this civil action was filed on February 24, 2005.  On June 17, 2005, I issued a Scheduling Order.  The Scheduling Order provided, among other things, that discovery would close on October 17, 2005, and that plaintiff's pretrial submissions were due not later than October 31, 2005.  Plaintiff's failure to make his pretrial submissions led to the issuance of the pending Order to Show Cause.

I note for the record that it has been impossible for the Court or Mr. Patuto to communicate with plaintiff.  Plaintiff first gave an address at a corrections facility in Freehold, New Jersey. Correspondence addressed to plaintiff at this address was returned.  Plaintiff then gave an address at a corrections facility in Louisiana.  Correspondence addressed to this address was also returned. Neither the Court nor Mr. Patuto know plaintiff's current address.

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether an extreme is appropriate.  747 F.2d at 868; see Scarborough v. Eubanks, 747 F.2d 871, 975-76 (3d Cir. 1984).

Turning to the Poulis factors, I find as follows:

1. Plaintiff is proceeding pro se. Accordingly, he is personally responsible for having failed to comply with the Scheduling Order and for having failed to advise the Court of his current address.

2. There is a history of noncompliance here. Plaintiff has taken no steps to keep the Court advised of his current address, although he is required to do so by the Local Civil Rules of this Court.

3. Based on plaintiff's failure to communicate with the Court, I am satisfied that he has made a conscious decision not to comply with the Scheduling Order and not to prosecute this civil action.

4. I cannot say from my review of the Complaint that plaintiff does not have a meritorious claim.

5. The failure of plaintiff to comply with the Scheduling Order and to keep the Court advised of his current address makes it impossible to complete discovery, enter a Final Pretrial Order, or to set this matter down for trial. It should also be noted that the passage of time before trial cannot help but contribute to the inevitable dimming of witnesses' memories. See Scarborough v. Eubanks, supra., 747 F.2d at 876. Defendants has been prejudiced by the plaintiff's failure to comply.

6. Alternative sanctions would not be appropriate. Plaintiff has failed to keep in contact with the Court. He has failed to prosecute this civil action   Nothing in the nature of a further Order or monetary sanction would appear to be appropriate.

## CONCLUSION

Five of the six Poulis factors weigh in favor of an extreme sanction. "Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's Complaint becomes a mechanical calculation ***. Not all of the Poulis factors need to be satisfied in order to dismiss the Complaint." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

For the reasons set forth above, I recommend that the Complaint be dismissed with prejudice.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

                                                    s/Ronald J. Hedges
                                                    RONALD J. HEDGES
                                                    UNITED STATES MAGISTRATE JUDGE

3